UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANET NORTHRUP, as Chapter 7 Trustee for the Estate of Mountain Express Company and affiliated debtors,<br><br>*Plaintiff*,<br><br>v.<br><br>TURJO WADUD, et al.,<br><br>*Defendants*. | Civil Action No. 1:25-cv-01404-MLB |

### JOINT MOTION TO EXTEND DEADLINES AND FOR A PAGE LIMIT EXTENSION

Plaintiff Janet S. Northrup, as Chapter 7 Trustee of Mountain Express Oil Company and its affiliated debtors (the "**Trustee**") and Defendants Lamar Frady (individually and as Trustee of the LKF Irrevocable Trust), Turjo Wadud (individually and as Trustee of the 317 Irrevocable Trust and Bayt Irrevocable Trust), Habiba Wadud, Rita Frady, Illuminous Consulting, LLC, Indepth Services Company, Time and Water, LLC, Adelphi, LLC, Adelphi Transport, LLC, Adelphi Energy Group, LLC, Adelphi Environmental Services, Adelphi Field Services, LLC, Golden Gallons, LLC, Red Mountain Fuel Transport, LLC, 4Court Holdings, LLC, 4Court Consulting, LLC, 4Court Imaging, LLC, 4Court Leasing, LLC, 4Court Solutions, LLC, and AR Brinkley 2102 HWY 49, LLC (together, the "**Moving**

**Defendants**"), hereby move this Court to extend the deadlines and page limits relating to the Moving Defendants' forthcoming motion to dismiss.

In support of this Motion, the Trustee and the Moving Defendants state as follows:

1. The plaintiff in this action is the Chapter 11 Trustee for the bankruptcy estate of Mountain Express Oil Company ("**MEX**"). *See* D.E. 1 at 1. On March 17, 2025, the Trustee filed a 219-page Complaint against twenty-eight (28) defendants alleging that they were involved in a "multi-year conspiracy, through which [they] siphoned tens of millions of dollars in funds, properties, and other assets from MEX to themselves, their companies, and their affiliates." *Id.* ¶ 1.

2. The Complaint asserts twenty-two causes of action, including, without limitation, claims for (i) breach of fiduciary duty (Count One); (ii) aiding and abetting breach of fiduciary duty (Count Two); (iii) conversion (Count Three); (iv) money had and received (Count Four); (v) violations of Georgia's Racketeer Influenced and Corrupt Practices Act (Count Five); (vi) civil conspiracy (Count Six); (vii) unjust enrichment (Count Seven); (viii) breach of statutory duties (Count Eight); (ix) avoidance of transfers and obligations under federal and state law (Counts Nine, Ten, Fourteen, Fifteen and Seventeen); (x) voiding fraudulent transfers and obligations under federal and state law (Counts Eleven, Eighteen and Nineteen); (xi) avoidance of preferential transfers under federal and state law

(Counts Twelve and Thirteen); (xii) recovery of transfers under federal law (Count Sixteen); (xiii) preservation of avoided transfers under federal law (Count Twenty); and (xiv) a declaratory judgment (Counts Twenty-One and Twenty-Two).

3. The Moving Defendants deny the Trustee's claims and, subject to the Court's approval of the page limit extension sought herein, intend on filing a single omnibus motion to dismiss seeking to dismiss some or all the Trustee's claims. *See infra* ¶ 6(i)-(ii).

4. As shown by the Complaint, this action involves (i) twenty-eight (28) defendants; (ii) twenty-two (22) causes of action arising under federal bankruptcy laws, state fraudulent transfer and corporate governance laws, and the common law; (iii) claims spanning several years and involving various types of conduct, including, but not limited to, sale-leaseback transactions, internal controls, corporate governance, alleged self-dealing, and alleged fraudulent transfers; and (iv) the amount in controversy is substantial (at least tens of millions of dollars).

5. Given the number of parties and claims at issue, and because the Moving Defendants are twenty defendants who are all represented by the same counsel, the Trustee and the Moving Defendants have conferred in good faith on reasonable, fair, and efficient means of addressing the Moving Defendants' forthcoming motion to dismiss.

6.  Through those good faith conferrals, the Trustee and the Moving Defendants have, subject to this Court's approval, agreed to the following process and schedule for the Moving Defendants' forthcoming motion to dismiss:

   i.  The Trustee and the Moving Defendants agree that it would be inefficient for the parties and this Court for each of the Moving Defendants to file its/his/her own motion to dismiss, which would result in briefing over twenty individual motions to dismiss (constituting over sixty briefs). Not only would such briefing be voluminous, it would also be duplicative given that many of the Moving Defendants' arguments will substantially overlap. Thus, the Trustee and the Moving Defendants propose that the Moving Defendants be permitted to file a single omnibus motion to dismiss (the "**Omnibus MTD**") in lieu of twenty or more individual motions to dismiss.

   ii.  If the Court agrees that an Omnibus MTD is preferable to individual motions to dismiss, the Trustee and the Moving Defendants believe that given the number of parties and claims being addressed within the Omnibus MTD, a reasonable extension of the page limits is warranted. The Trustee and the Moving Defendants propose the following page limits: (a) sixty pages for the Moving Defendants' opening brief; (b) sixty pages for the Trustee's opposition; and (c) thirty

pages for the Moving Defendants' reply.[1]

iii.   Given the number of parties and claims at issue and the number of arguments that will be raised with respect to each within the Omnibus MTD, the Trustee and the Moving Defendants agree that a reasonable extension of the deadlines for completing briefing on the Omnibus MTD is warranted. After conferring in good faith, and keeping in mind their desire to complete the briefing in the shortest reasonable period of time, the Trustee and the Moving Defendants propose the following briefing schedule: (a) the Moving Defendants Omnibus MTD shall be filed on or before May 30, 2025; (b) the Trustee's opposition shall be filed on or before August 1, 2025; and (c) the Moving Defendants' reply shall be filed on or before September 1, 2025.

iv.   The Trustee and the Moving Defendants believe the briefing schedule requested above is the shortest reasonable schedule because, among other things, (a) the Moving Defendants' opening brief is due only two days later than the current deadline of May 28, 2025; (b) the Trustee needs an extension so that she can fully and fairly respond to

---

[1] If the Moving Defendants each filed individual motions to dismiss, they would be collectively entitled to over five hundred pages of briefing and the Trustee would be entitled to over five hundred pages for her response.

the Moving Defendants' sixty-page (if allowed) Omnibus MTD that may seek a dispositive ruling for up to twenty defendants on many separate claims that involve separate elements, arguments, and legal analyses; and (c) the Moving Defendants need additional time to respond to the Trustee's sixty-page (if allowed) opposition that will likewise involve numerous parties and claims. The Trustee and the Moving Defendants believe that, with the additional time, they will be able to present this Court with a more thorough analysis that should allow the Court to make a more informed decision based on a detailed analysis of the relevant law and facts.

7. For the Court's convenience, a proposed Order is attached hereto.

This 2nd day of April, 2025.

/s/ *Steven J. Rosenwasser*
Steven J. Rosenwasser
Georgia Bar No. 614908
John D. Elrod
Georgia Bar No. 244604
William E. Eye
Georgia Bar No. 688914

**GREENBERG TRAURIG, LLP**
3333 Piedmont Road NE
Terminus 200, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553 2100
Fax: (678) 553 2212

Steven.rosenwasser@gtlaw.com
ElrodJ@gtlaw.com
Eyew@gtlaw.com

*Counsel for the Plaintiff Janet Northrup, as Chapter 7 Trustee*


/s/ *Thaddeus D. Wilson*
Thaddeus D. Wilson
Georgia Bar No. 596008
Kevin J. O'Brien
Georgia Bar No. 714849
**KING & SPALDING LLP**
1180 Peachtree Street NE, Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 572 4600
Fax: (404) 572 5100
thadwilson@kslaw.com
kobrien@kslaw.com

*Counsel for the Moving Defendants*

**CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

I hereby certify, pursuant to LR 5.1(c), NDGa., the foregoing pleading is prepared in Times New Roman, 14-point font, and was filed using the CM/ECF system, which will automatically provide notice to all attorneys of record by electronic means.

This 2nd day of April, 2025.

/s/*Steven J. Rosenwasser*
Steven J. Rosenwasser
Georgia Bar No. 614908