# Exhibit B

**STOCK REDEMPTION AGREEMENT**

THIS STOCK REDEMPTION AGREEMENT (the "Agreement") is made and entered into as of the 20thth day of February, 2020, by and between MOUNTAIN EXPRESS OIL CO., a Georgia corporation ("MEX") and MEHBOOB ALI HUSAIN, an individual resident of the State of Georgia ("Ali").

W I T N E S S E T H:

WHEREAS, on or about October 15, 2018 Ali purchased 12.5 shares of the common capital stock in MEX (the "Stock") from Barry and Gail Bierenbaum (collectively, "B&G");

WHEREAS, Ali also entered into an Employment Agreement with MEX (the "Employment Agreement") on or about October 15, 2018;

WHEREAS, the terms of ownership in the Stock were set out in a certain Stock Purchase Agreement of even date therewith whereby upon the termination of Ali's employment with MEX, B&G have the right to repurchase the Stock from Ali for the sum of $100,000;

WHEREAS, Ali's Employment Agreement with MEX terminated on November 3, 2019, and B&G have assigned their rights to repurchase Ali's Stock to MEX; and

WHEREAS, Ali acknowledges and agrees with the assignment of purchase rights from B&G to MEX, and MEX and Ali, each with the other, agree that MEX will purchase the Stock from Ali in accordance with the terms of this Agreement.

NOW, THEREFORE, FOR AND IN CONSIDERATION of the mutual promises herein contained, and for other good and valuable consideration, the receipt, sufficiency and adequacy of which are hereby acknowledged, the parties hereto, each intending to be legally bound, hereby agree as follows:

1. Recitals True and Correct. The parties hereto acknowledge and agree that the above recitals are true and correct to their best knowledge and belief.

2. Purchase of the Stock by MEX. MEX hereby agrees to redeem and purchase from Ali all of his 12.5 shares of Stock for the sum of $1,000,000. Provided, however, MEX' obligation to pay the full $1,000,000 shall terminate and be of no force or effect if MEX fails to close a certain loan from IberiaBank on or about March 12, 2020 in an amount agreeable by MEX. If the IberiaBank loan does not close as aforesaid, the purchase price for the Stock shall be the sum of $250,000. Thus for

avoidance of doubt and clarification: (i) On March 11, 2020 Ali shall be paid the sum of $250,000 in cash or immediately available funds; and (ii) if the IberiaBank loan closes on March 12, 2020 as aforesaid, MEX will owe Ali an additional sum of $750,000 which shall be paid on or before a date which is two (2) years from the date hereof. If owed, the remaining $750,000 shall bear interest at the rate of one percent per annum and may be pre-paid at any time prior to maturity without premium or penalty.

4. <u>Transfer of Title to Stock from Ali to MEX</u>. Upon payment of the sum of $250,000 to Ali by MEX, all right title and interest in and to the Stock shall be fully vested in MEX subject to no liens, encumbrances or defects of title whatsoever. Upon receipt of such funds, Ali ratifies and confirms the undated Bill of Sale given to MEX, authorizes MEX to date same as of March 11, 2020 and agrees to the release of same to MEX for delivery.

5. <u>Mutual release</u>. Except for the obligations in this Agreement the parties, each to the other, release the other party from and against all claims, causes of action and lawsuits of all kind and nature whatsoever arising prior to the date hereof. Provided, however, Ali acknowledges and agrees that he remains bound by the covenants and obligations in the Employment Agreement after termination, and by his execution hereof, Ali reaffirms and agrees that he continues to be bound to all of the post termination obligations and covenants therein, including, but not limited to the non-compete, confidentiality and non-disparagement provisions.

6. <u>Survival of Representations and Warranties</u>. All representations, warranties, covenants and agreements of the parties contained herein shall survive the consummation of the transactions contemplated herein.

7. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia in all respects.

8. <u>Entire Agreement</u>. This Agreement embodies the entire understanding and agreement of the parties hereto with respect to the subject matter herein, and supersedes all prior understandings, discussions, agreements and representations, written or oral, which may have existed between the parties as to said subject matter as of the date hereof. All other prior written agreements on the subject matter hereof, except for a certain bill of sale to MEX conveying ownership of the Stock to MEX, are superseded by this Agreement and any earlier such agreements shall be void and of no further effect.

9. <u>Binding Effect; Counterparts</u>. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, successors and assigns. This Agreement may be executed in multiple counterparts, in which case, upon delivery to a party, each such counterpart shall be binding upon the party executing it.

IN WITNESS WHEREOF, the undersigned have hereunto set their hands and seals, all as of

the day and year first above written.

MOUNTAIN EXPRESS OIL CO., a Georgia corporation

By:_____(SEAL)
Lamar Frady, President

MEHBOOB ALI HUSAIN

_____(SEAL)
Mehboob Ali Husain, Individually