# EXHIBIT 1

JOINT CONSENT OF THE DIRECTORS AND SHAREHOLDERS OF
MOUNTAIN EXPRESS OIL COMPANY
TAKEN BY UNANIMOUS WRITTEN CONSENT
IN LIEU OF A FORMAL MEETING

Effective this /2 day of March , 2020, the undersigned, being all of the Directors and Shareholders of MOUNTAIN EXPRESS OIL COMPANY (the "Corporation"), pursuant to O.C.G.A. § 14-2-821 and O.C.G.A. § 14-2-704 in lieu of formal meetings of the Directors and Shareholders, do hereby consent to the adoption of the following resolutions which shall have the same force and effect as a unanimous vote taken at a formal Directors and Shareholders meeting duly called and held, and direct that this consent be filed with the minutes of the proceedings of the Directors and Shareholders of the Corporation:

**RESOLVED,** that the Board of Directors shall consist of the following two (2) persons who shall serve for the coming year or until their successor is elected and qualified or until their earlier death, resignation or removal:

LAMAR FRADY
TURJO WADUD

**AND IT IS FURTHER RESOLVED,** that the following named persons be, and they hereby are, elected as officers of the Corporation to serve in the positions set after their names until the next Annual Meeting of Directors, or until their earlier death, resignation or removal:

LAMAR FRADY, President and Treasurer
TURJO WADUD, Secretary and Vice President

**NOW THEREFORE, IT IS HEREBY RESOLVED,** that the officers of the Corporation are hereby authorized and directed to undertake and do all things necessary and desirable in order to give effect to the foregoing.

WITNESS the consent of the Directors and Shareholders as of the date first above written.

**SHAREHOLDERS AND DIRECTORS:**

**BARRY BIERENBAUM**

**Barry Bierenbaum, Shareholder and Director**

**GAIL BIERENBAUM**

**Gail Bierenbaum, Shareholder and Director**

1

**LAMAR FRADY**

**Lamar Frady, Shareholder**

**TURJO WADUD**

**Turjo Wadud, Shareholder**

The within and foregoing Consent of the Shareholders and Directors of Mountain Express Oil Company shall remain effective and in full force and effect as aforesaid; provided, however, in the event the Corporation does not consummate a proposed loan in the month of March, 2020 from IberiaBank in a sufficient amount and with proceeds distributed to Barry and Gail Bierenbaum in redemption of all of their shares of stock in the Corporation, then this instrument shall automatically and without any action to be taken on the part of anyone become null and void, and the Officers and Directors holding office immediately prior to this consent shall be fully reinstated as if duly elected by the Shareholders and Directors in a special meeting, duly called and noticed in accordance with Georgia law.

2

## ACTION OF THE SHAREHOLDERS OF
## MOUNTAIN EXPRESS OIL COMPANY
## TAKEN BY UNANIMOUS WRITTEN CONSENT
## IN LIEU OF A FORMAL MEETING

Effective this 17 day of July , 2020, the undersigned, being all of the

Shareholders of MOUNTAIN EXPRESS OIL COMPANY (the "Corporation"), pursuant to

O.C.G.A. § 14-2-704 in lieu of a formal meeting of the Shareholders, do hereby consent to the

adoption of the following resolutions which shall have the same force and effect as a unanimous vote

taken at a formal Shareholders Meeting duly called and held, and direct that this consent be filed

with the minutes of the proceedings of the Shareholders of the Corporation:

> 1. RESOLVED, that the Board of Directors shall consist of the
> following two (2) members who shall serve for the coming year or
> until their successors are elected and qualified or until their earlier
> death, resignation or removal:

### LAMAR FRADY
### TURJO WADUD

> 2. RESOLVED, that all activities and transactions undertaken by
> the above referenced Director of the Corporation be, and the same
> hereby are ratified, approved and confirmed.

WITNESS the consent of the Shareholders as of the date first above written.

DocuSigned by:

_Lamar Frady_     7/17/2020

Lamar Frady, Shareholder

DocuSigned by:

_Turjo Wadud_     7/17/2020

Turjo Wadud, Shareholder

### JOINT CONSENT OF THE DIRECTORS AND SHAREHOLDERS OF MOUNTAIN EXPRESS OIL COMPANY TAKEN BY UNANIMOUS WRITTEN CONSENT IN LIEU OF A FORMAL MEETING

Effective this _17_ day of _July_____, 2020, the undersigned, being all of the Directors and Shareholders of MOUNTAIN EXPRESS OIL COMPANY (the "Corporation"), pursuant to O.C.G.A. § 14-2-821 and O.C.G.A. § 14-2-704 in lieu of formal meetings of the Directors and Shareholders, do hereby consent to the adoption of the following resolutions which shall have the same force and effect as a unanimous vote taken at a formal Directors and Shareholders meeting duly called and held, and direct that this consent be filed with the minutes of the proceedings of the Directors and Shareholders of the Corporation:

**RESOLVED**, that the following named persons be, and they hereby are, elected as officers of the Corporation to serve in the positions set after their names until the next Annual Meeting of Directors, or until their earlier death, resignation or removal:

> LAMAR FRADY, CEO and Treasurer
>
> TURJO WADUD, President and Secretary

**NOW THEREFORE, IT IS HEREBY RESOLVED**, that the officers of the Corporation are hereby authorized and directed to undertake and do all things necessary and desirable in order to give effect to the foregoing.

WITNESS the consent of the Directors and Shareholders as of the date first above written.

### SHAREHOLDERS AND DIRECTORS:

**LAMAR FRADY**

7/17/2020

Lamar Frady, as Shareholder and Director

**TURJO WADUD**

Turjo Wadud                    7/17/2020

1

Turjo Wadud, as Shareholder and Director

2

BYLAWS
OF
MOUNTAIN EXPRESS OIL COMPANY

## TABLE OF CONTENTS

Page

ARTICLE ONE - OFFICES

| | | |
|---|---|---|
| Section 1.1 | Principal Office | 3 |
| Section 1.2 | Other Offices | 3 |
| Section 1.3 | Registered Office and Agent | 3 |

ARTICLE TWO - SHAREHOLDERS' MEETINGS

| | | |
|---|---|---|
| Section 2.1 | Place of Meetings | 3 |
| Section 2.2 | Annual Meetings | 3 |
| Section 2.3 | Substitute Annual Meeting | 3 |
| Section 2.4 | Special Meetings | 3 |
| Section 2.5 | Notice of Meetings | 3 |
| Section 2.6 | Fixing Record Date | 4 |
| Section 2.7 | Quorum | 4 |
| Section 2.8 | Proxies | 4 |
| Section 2.9 | Voting of Shares | 4 |
| Section 2.10 | Waiver of Notice | 4 |
| Section 2.11 | Written Consent of Shareholders | 4 |
| Section 2.12 | Participation b:5· Telecommunications | 4 |
| Section 2.13 | Order of Business | 4 |

ARTICLE THREE· THE BOARD OF DIRECTORS

| | | |
|---|---|---|
| Section 3.1 | General Powers | 5 |
| Section 3.2 | Number and Tenure of Directors | 5 |
| Section 3.3 | Regular and Special Meetings | 5 |
| Section 3.4 | Quorum | 5 |
| Section 3.5 | Action by Board without a Meeting | 5 |
| Section 3.6 | Waiver of Notice | 5 |
| Section 3.7 | No Meeting Necessary; When | 5 |
| Section 3.8 | Voting | 5 |
| Section 3.9 | Removal | 6 |
| Section 3.10 | Vacancies | 6 |
| Section 3.11 | Dividends | 6 |
| Section 3.12 | Committees | 6 |
| Section 3.13 | Officers and Salaries and Bonds | 6 |
| Section 3.14 | Compensation to Directors | 6 |

ARTICLE FOUR - OFFICERS

| | | |
|---|---|---|
| Section 4.1 | Number | 6 |
| Section 4.2 | Election and Term | 7 |

| Section 4.3 | Salaries and Bonds | 7 |
| Section 4.4 | Disallowed Payments | 7 |
| Section 4.5 | Removal | 7 |
| Section 4.6 | Powers and Duties | 7 |
| Section 4.7 | Additional Powers and Duties | 8 |
| Section 4.8 | Reimbursement by Officers | 8 |

ARTICLE FIVE - DIVIDENDS

| Section 5.1 | Time and Conditions of Declaration | 8 |
| Section 5.2 | Reserves | 8 |
| Section 5.3 | Share Dividends - Treasury Shares | 8 |
| Section 5.4 | Share Dividends - Unissued Shares | 9 |
| Section 5.5 | Share Splits | 9 |

ARTICLE SIX- SHARES

| Section 6.1 | Authorization and Issuance of Shares | 9 |
| Section 6.2 | Share Certificates | 9 |
| Section 6.3 | Transfers of Shares | 9 |

ARTICLE SEVEN - INDEMNIFICATION

| Section 7.1 | General | 9 |
| Section 7.2 | Action in the Right of the Corporation | 10 |
| Section 7.3 | Insurance | 10 |
| Section 7.4 | Notice to Shareholders | 10 |

ARTICLE EIGHT - MISCELLANEOUS

| Section 8.1 | Inspection of Books and Records | 10 |
| Section 8.2 | Fiscal Year | 11 |
| Section 8.3 | Seal | 11 |
| Section 8.4 | Annual Statements | 11 |
| Section 8.5 | Execution Of Documents | 11 |

ARTICLE NINE - AMENDMENTS

| Section 9.1 | Power to Amend By-Laws | 11 |

BY-LAWS
OF
MOUNTAIN EXPRESS OIL COMPANY

ARTICLE ONE

Offices

1.1 Principal Office The principal office for the transaction of business of the corporation shall be located at such place as may be fixed from time to time by the Board of Directors.

1.2 Other Offices The Corporation may have offices at such place or places where the corporation is qualified to do business, within or without the State of Georgia, as the Board of Directors may from time to time appoint or the business of the corporation may require or make desirable.

1.3 Registered Office and Agent The Corporation shall maintain a registered office and shall have a registered agent whose business office is identical with such registered office.

ARTICLE TWO

2.1 Place of Meetings Meetings of the shareholders may be held on the call of the President at any place within or without the State of Georgia as set forth in the notice thereof or in the event of a meeting held pursuant to waiver of notice, as may be set forth in the waiver, or if no place is so specified, at the principal office of the corporation.

2.2 Annual Meetings The annual meeting of shareholders shall be held on such date within 120 days following the close of the corporation's fiscal year as shall be designated by the Board of Directors for the purpose of electing a Board of Directors and transacting any and all business that may properly come before the meeting. At the annual meetings of shareholders, any matter relating to the affairs of the corporation, whether or not stated in the notice of the meeting, may be brought up for action, except matters which the Georgia Business Corporation Code requires to be stated in the notice of the meeting.

2.3 Substitute Annual Meeting In the event that such annual meeting is not held on the day designated pursuant to Georgia Law, the Board of Directors shall cause a meeting in lieu thereof to be held as soon as conveniently may be thereafter, end any business transacted or elections held at such meeting such be as valid as if transacted or held at the annual meeting. Such subsequent meeting shall be called in the same manner as provided for special shareholders' meetings.

2.4 Special Meetings Special meetings of the shareholders shall be held at the principal office of the Corporation or at such other places as may be designated in the notice of said meetings upon call of the Board of Directors or of the Chairman of the Board of Directors or of the President, or of the Secretary or at the request in Writing of two or more directors or of shareholders owning at least twenty-five percent (25%) of the issued and outstanding capital stock of the corporation entitled to vote thereat.

2.5 Notice of Meetings Unless waived, written notice stating the place, day and hour of each meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called, shall be delivered to each shareholder less than ten (10) days (or not less than any such other minimum period of days as may be prescribed by the Georgia Business Corporation Code) nor more than sixty (60) days before the date of the meeting either, personally or by first class mail, or at the direction of the

3

directors, the President, the Secretary or the officer or persons calling the meeting. If mailed, such notice shall be deemed to be delivered when deposited in the United States mail with first class postage thereon prepaid, addressed to the shareholder at his address as it appears on the stock transfer books of the corporation. The notice of any information, or documents prescribed by the Georgia Business Corporation Code.

2.6 Fixing Record Date For the purpose of determining the shareholders entitled to notice of or to vote at any meeting of shareholders for the purpose of any other action, the board of directors shall fix in advance a date as a record date. The date shall not be more than sixty (60) nor less than ten (10) days before the meeting, nor more than sixty (60) days prior to any other notion.

2.7 Quorum At any meeting of shareholders majority of the outstanding shares of the corporation entitled to vote, represented in person or by proxy, shall constitute a quorum. The shareholders present in person or by proxy at such meeting may continue to do business until adjournment even if this means the withdrawal of enough shareholders to leave less than a quorum. If a quorum is not present the shareholders present in person or by proxy may adjourn to a date they agree upon.

2.8 Proxies At all meetings of shareholders, a shareholder may vote by proxy executed in writing by the shareholder or his/her duly authorized attorney-in-fact. A proxy is not valid after the expiration of 11 months from its date unless otherwise provided in the proxy. A proxy is not invalidated by the death or incompetency of the shareholder, unless, before the authority is exercised, written notice of such an adjudication is received by the corporate office responsible for maintaining the list of shareholders. ·

2.9 Voting of Shares Each outstanding share is entitled to 1 vote on each matter submitted to a vote. A vote may be cast either orally or in writing in person or by proxy. All elections for directors shall be decided by plurality vote; all other matters shall be decided by majority vote.

2.10 Waiver of Notice Notice of meeting need not be given to any shareholder who signs a waiver of notice, in person or by proxy, whether before or after the meeting. The attendance of any shareholder at a meeting, in person or by proxy, without protesting prior to the conclusion of the meeting the lack of notice of such meeting, shall constitute a waiver of notice by the shareholder.

2.11 Written Consent of Shareholder Any action may be taken without a meeting, without prior notice and without a vote if a consent in writing, setting forth the action taken, is signed by the holders of all the outstanding shares entitled to vote on the matter.

2.12 Participation by Telecommunications Participation in a shareholders' meeting may be by means of conference telephone, or similar communications equipment. All persons participating in the meeting must be able to hear each other, be advised of the use of such equipment, and be provided with the names of individuals using such equipment.

2.13 Order of Business The order of business at all meetings of the shareholders, shall be as follows:

- a. Roll call
- b. Proof of notice of meeting or waiver of notice
- c. Reading of minutes of the preceding meeting
- d. Reports of officers
- e. Reports of committees

4

f. Election of directors

g. Unfinished business

h. New business

## ARTICLE THREE

### The Board of Directors

3.1 General Powers The business and affairs of the corporation shall be managed by the Board of Directors. In addition to the powers and authority expressly conferred upon it by these by-laws, the Board of Directors may exercise all such powers of the corporation and do all such lawful acts and things as are not by law, by any legal agreement among shareholders, by the Articles of Incorporation or by these by-laws directed or required to be exercised or done by the shareholders.

3.2 Number and Tenure of Directors The number of directors of the corporation shall be at least one (1). Except as provided herein, each director shall hold office until the next annual meeting of shareholders and until his/her successor shall have been elected and qualified.

### 3.3 Regular and Special Meetings

(a) Regular meetings may be held without notice as determined by the Board of Directors and must be held at least annually.

(b) Special meetings may be called by the President or at least 2 directors on two days' notice by mail or 24 hours' notice by a telecommunications device. A brief indication of the nature of the business to be transacted shall be made part of the notice. If mailed, the notice shall be considered delivered when deposited in the United States mail. The notice must be properly addressed and have the correct amount of postage on it. If the notice is by telecommunications device, it shall be considered delivered when delivered to the telecommunications company.

3.4 Quorum A quorum shall consist of a majority of the Board of Directors.

3.5 Action by Board without a Meeting Any action required or permitted to be taken pursuant to authorization voted at a meeting of the Board of Directors or a committee of the Board, may be taken without a meeting if before or after the action all members of the Board of Directors or committee, consent to it in writing. The written consents shall be filed with the minutes of the proceedings of the Board of Directors or committee.

3.6 Waiver of Notice Attendance of a director at a meeting constitutes a waiver of notice of the meeting except where a director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened.

3.7 No Meeting Necessary, When Any action required by law or permitted to be taken at any meeting of the Board of Directors may be taken without a meeting if written consent, setting forth the action so taken, shall be signed by all the directors. Such consent shall have the same force and effect as a unanimous vote of the Board of Directors and shall be filed with the Secretary and recorded in the Minutes Book of the corporation.

3.8 Voting At all meetings of the Board of Directors each director shall have one vote and, except

5

as otherwise provided herein or provided by law, all questions shall be determined by majority vote of the directors present.

3.9 Removal Any one or more directors or the entire Board of Directors may be removed from office, with or without cause, by the affirmative vote of the holders of a majority of the shares entitled to vote at any shareholders meeting with respect to which notice of such purpose has been given and entitled to vote on the subject matter and exceeds the unfavorable votes of the shares represented at the meeting and entitled to vote on the subject matter. Notice of the proposal to remove one or more directors shall be. included in the notice of the meeting of shareholders.

3.10 Vacancies Any vacancy occurring in the Board of Directors shall be filled by the plurality vote of a majority of the remaining directors, even though the number of remaining directors may be less than a quorum, or, that there remains one remaining director, as the case may be, or if the vacancy is not so filled or if no director remains, by the shareholders. Any director so appointed under this section shall serve for the unexpired term of the director to whose place the appointee succeeds.

3.11 Dividends The Board of Directors may declare dividends in cash or other property out of the unreserved and unrestricted net earnings of the current fiscal year, computed to the date of declaration of the dividend, or the preceding fiscal year, or out of the unreserved and unrestricted earned surplus of the corporation, as they may deem expedient.

3.12 Committees In the discretion of the Board of Directors, said Board from time to time may elect or appoint, from its own members, an Executive Committee or such other committee or committees as said Board may see fit to establish. Each such committee shall consist of two (2) or more directors, and each shall have and may exercise such authority and perform such functions as the Board by resolution may prescribe within the limitations imposed by law.

3.13 Officers and Salaries and Bonds The Board of Directors shall elect all officers of the corporation and fix their compensation. The fact that any officer is a director shall not preclude him from receiving a salary or from voting upon the resolution providing the same.

3.14 Compensation to Directors  Directors, as such, shall be entitled to receive such fees and expenses, if any, for attendance at each regular or special meeting of the Board and any adjournment thereof, as may be fixed from time to time by resolution of the Board, and such fees and expenses shall be payable even though an adjournment be had because of the absence of a quorum; provided, however, that nothing herein contained shall be construed to preclude any director from serving the corporation in any other capacity and receiving compensation therefor. Members of either standing or special committees may be allowed such compensation as may be provided from time to time by resolution of the Board for attending committee meetings .

## ARTICLE FOUR

### Officers

4.1 Number The officers of the corporation shall be a Chief Executive Officer, President, a Vice President, a Secretary and a Treasurer (which can all be the same person) and other officers as shall from time to time be elected or appointed by the Board of Directors.

(a)    Chief Executive Officer.

6

Subject to the oversight of the Board, the Chief Executive Officer shall have general supervision, direction and control of the business and affairs of the Corporation. The Chief Executive Officer shall preside at all meetings of the stockholders and, in the absence of the Chairman of the Board, at all meetings of the Board. If not a member of the Board, the Chief Executive Officer shall be an ex officio member of the Executive Committee of the Board and shall have the general powers and duties of management usually vested in the office of chief executive officer of a corporation and such other powers and duties as may be assigned by the Board, including signing all instruments and taking all actions jointly with the President, either acting together or alone. Up to two (2) persons may be appointed Chief Executive Officer by the Board, and if more than one each shall have the full powers of the office and shall be authorized to act alone.

    (b)    President.

Jointly with the Chief Executive Officer, either acting together or alone, the President shall perform all of the duties of the Chief Executive Officer and when so acting shall have all the powers and be subject to all the restrictions upon the Chief Executive Officer, including the power to sign all instruments and to take all actions which the Chief Executive Officer is authorized to perform by the Board of Directors or these Bylaws. The President shall have the general powers and duties usually vested in the office of President of a corporation and such other powers and duties as may be prescribed by the Board. Up to two (2) persons may be appointed President by the Board, and if more than one each shall have the full powers of the office and shall be authorized to act alone.

4.2 <u>Election and Term</u> The Board of Directors at each annual meeting shall elect or appoint the officers as are deemed appropriate for the corporation. All executive officers shall serve at the will of the Board of Directors and until their successors have been elected and have qualified or until their earlier death, resignation, removal, retirement, or disqualification.

4.3 <u>Salaries and Bonds</u> The Board of Directors shall fix the compensation of all officers of the Corporation, unless pursuant to a resolution of the Board the authority to fix such compensation is delegated to the President, or to a committee of the Board. The fact that any officer also is a director shall not preclude such officer from receiving a salary or from voting upon the resolution providing the same. The Board of Directors may, in its sole discretion, require bonds from any or all of the officers and employees of the Corporation for the faithful performance of their duties and conduct while in office.

4.4 <u>Disallowed Payments</u> Any payments made to office of the Corporation, such as commission, bonus, interest, rent, or entertainment expense incurred by such officer, which shall be disallowed in whole or in part as a deductible expense the Internal Revenue Service, shall be reimbursed by such officer to the Corporation to the full extent of such disallowance. It shall be the duty of the directors, as a Board, to enforce payment by the officer of each such amount disallowed. In lieu of payment by the officer, subject to the determination of the directors, proportionate amounts may be withheld from future compensation payments until the amount owed to the Corporation has been recovered.

4.5 <u>Removal</u> Any officer or agent elected by the Board of Directors may be removed by the Board of Directors at any meeting with respect to which notice of such purpose has been given to the members thereof.

4.6 <u>Powers and Duties</u> The executive officers of the corporation shall each have such powers and duties as generally pertain to their respective offices as well as such powers and duties as from time to time may be conferred by the Board of Directors. The Vice President, the Assistant Secretary and the Assistant Treasurer shall, in order of their respective seniorities, in the absence or disability of the

7

President, Secretary or Treasurer, respectively, perform the duties of such offices and shall generally assist the President, Secretary or Treasurer, respectively. Without limitation upon any of the foregoing:

(a) The Chairman of the Board shall be the chief executive officer of the corporation and shall have general supervision of the affairs of the corporation and full control of and responsibility for said affairs. He shall preside at the meetings of shareholders and at the meetings of the Board of Directors, The President shall have the powers and duties of the Chairman at all times in the absence of such Chairman.

(b) The President shall be the chief operational officer of the corporation and shall have general supervision of the day-to-day affairs of the corporation.

(c) The Secretary shall issue notices for and keep minutes of all corporate meetings and shall have charge of the corporate seal and of all corporate books, stock books and other like records the corporation.

(d) The Treasurer shall have custody and control of all funds and all financial records of the corporation.

(e) Except as is otherwise required by Georgia law, the Board of Directors by resolution may authorize any officer or officers of the corporation to negotiate and execute contracts to buy, sell, lease or exchange any and all of the real or personal property of the corporation, and to negotiate and enter into loans to be secured by notes, pledges, deeds to secure debt, mortgages and/or other instruments encumbering the property of the corporation.

4.7 Additional Powers and Duties In Addition to the foregoing especially enumerated powers and duties, the several officers of the corporation shall have such other powers and duties as are provided for them in these by-laws or as may, from time to time, be prescribed by the Board of Directors or the Executive Committee or the Chairman of the Board.

4.8 Reimbursement by Officers Any payments made to an officer of the corporation such as salary, commission, bonus, interest or rent, or entertainment expense incurred by him, which shall be disallowed in whole or in part as deductible expense by the Internal Revenue Service, shall be reimbursed by such officer to the corporation to the full extent of such disallowance. It shall be the duty of the Board of Directors to enforce payment by the officer, subject to the determination of the Board of Directors, proportionate amounts may be withheld from his future compensation payments until the amount owed to the corporation has been recovered.

## ARTICLE FIVE

5.1 Time and Conditions of Declaration Dividends upon the outstanding shares of the corporation may be declared by the Board of Directors at any regular or special meeting and paid in cash or property, only out of the unreserved and unrestricted net earnings of the current fiscal year or the net preceding fiscal year.

5.2 Reserves Before the payment of any dividend or the making of any distribution of profit, there shall be set aside out of the current net earnings of the corporation such sums, if any, as the Board of Directors from time to time in its absolute discretion deems proper as a reserve fund to meet contingencies, to pay and discharge indebtedness, or to fulfill other purposes which the Board of Directors shall deem to be in the best interest of the corporation.

8

5.3 Share Dividends -Treasury Shares Dividends may be declared by the Board of Directors and paid in the shares of the corporation out of any treasury shares that have been re-acquired out of the surplus of the corporation.

5.4 Share Dividends - Unissued Shares Dividends may be declared by the Board of Directors and paid in the authorized but unissued shares of the corporation out of any unreserved and unrestricted net earnings of the corporation, provided that such shares shall be issued at not less than the par value thereof, and there shall be transferred to stated capital at the time such dividend is paid an amount of surplus equal to at least the aggregate par value of the share to be issued as a dividend.

5.5 Share Splits A split or division of the issued shares of any class into a greater number of shares of the same class without increasing the stated capital of the corporation shall not be construed to be a share dividend within the meaning of this Article.

## ARTICLE SIX

### Shares

6.1 Authorization and Issuance of Shares The par value and the maximum number of shares of any class of the corporation which may be issued and outstanding shall be as set forth from time to time in the Articles of incorporation of the corporation. The Board of Directors may increase or decrease the number of issued and outstanding shares of the corporation within the maximum authorized by the Articles of incorporation and the minimum requirements of the Articles or Georgia law.

6.2 Share Certificates Certificates representing shares of the corporation shall be in the form determined by the Board of Directors. Such certificates shall be signed by the President and by the Secretary or by such other officers authorized by law and by the Board of Directors. All certificates for shares and date of issue shall be entered on the stock transfer book of the corporation. All certificates surrendered to the corporation for transfer shall be canceled and no new certificate shall be issued until the former certificate for a like number of shares is surrendered and canceled, except that in the case of a lost, destroyed or mutilated certificate new one may be issued upon such terms and indemnity to the corporation as the Board of Directors may determine.

### 6.3 Transfer of Shares

(a) Upon surrender to the corporation or the transfer agent of the corporation of a certificate for shares fully endorsed or accompanied by proper evidence of succession, assignment or authority to transfer, it shall be the duty of the corporation to issue a new certificate to the person entitled to it, and cancel the old certificate; every transfer shall be entered on the transfer books of the corporation which shall be kept at its principal office.

(b) The Corporation shall be entitled to treat the holder of record of any share as the holder in fact of it, shall not be bound to recognize any equitable or other claim to or interest in such share on the part of any other person whether or not it shall have express or other notice thereof, except as expressly provided by the laws of this state.

## ARTICLE SEVEN
### Indemnification

9

7.1 General As prescribed in the Georgia, Business corporation Code, the corporation shall indemnify and hold harmless any person who was or is a party or is threatened to be made a party to any threatened pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the corporation) by reason of the fact that he is or was a director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another enterprise, against expenses (including attorney's fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by him in connection with such action, ,suit or proceeding if he acted in a manner he reasonably believed to be in, or not opposed to, the best interests of the corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful. The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the person did not act in a manner which he reasonably believed to be in, or not opposed to, the best interest of the corporation, and with respect to any criminal action or proceeding, had reasonable cause to believe that his conduct was unlawful.

7.2 Action in the Right of the Corporation As prescribed in the Georgia Business Corporation Code, the corporation shall indemnify and hold harmless any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the corporation to procure a judgment in its favor by,reason of the fact he is or was a director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership joint venture, trust or other enterprises, against expenses (including attorney's fees) actually and reasonably incurred by him in connection with the defense or settlement of such action or suit, if he acted in good faith and in a manner he reasonably believed to be in or not opposed lo the best interests of the corporation; except that no indemnification shall be made in respect to any claim, issue or matter as to which such person shall have been adjudged to be liable for the negligence or misconduct in the performance of his duty to the corporation, unless, and only to the extent that, the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnify fur such expenses which the court shall deem proper. ·

7.3 Insurance The corporation may purchase and maintain insurance on behalf of any person who is or was a director, officer, employee, or agent of the corporation, or is or was serving at the request of the corporation, as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against any liability asserted against him and incurred by him in any such capacity, or arising out of his status as such, whether or not the corporation would have the power to indemnify him against such liability under the provisions of this Article 7.

7.4 Notice to Shareholders If any expenses or other amounts are paid by way of indemnification, otherwise than by court order or by an insurance carrier pursuant to insurance maintained by the corporation, the corporation shall, unless such meeting is held within three (3) months from the date of such payment, and, in any event, within fifteen (15) months from the date of such payment, send by first class mail to its shareholders of record at the time entitled to vote for the election of directors, a statement specifying the persons paid, the amounts paid, and the nature and status at the time of such payment of the litigation or threatened litigation.

## ARTICLE EIGHT

### Miscellaneous

10

8.1 Inspection of Books and Records The Board of Directors shall have power to determine which accounts, books and records of the corporation shall be open to the inspection of shareholders, except such as may by law be specifically open to inspection, and shall have power to fix reasonable rules and regulations not in conflict with the applicable law for the inspection of accounts, books, and records which by law or by determination of the Board of Directors shall be open to inspection.

8.2 Fiscal Year The Board of Directors is authorized to fix the fiscal year of the corporation and to change the same from time to time as it deems appropriate, but unless otherwise so determined shall begin on the first day of January in each year and shall end on the last day of December in the same year.

8.3 Seal The seal of the corporation shall consist of an impression bearing the name of the corporation around the perimeter and the word "Seal" and such other information, including the year of incorporation, in the center thereof is desired. In lieu thereof, the corporation may use an impression or writing bearing the words "CORPORATE SEAL" enclosed in parentheses or scroll, which shall also be deemed the seal of the corporation.

8.4 Annual Statements Not later than four months after the close of each fiscal year, and in any case prior to the next annual meeting of shareholders, the corporation shall prepare (a) a balance sheet showing in reasonable detail the financial condition of the corporation as of the close of its fiscal year, and (b) a profit and loss statement showing the results of its operations during its fiscal year. Upon receipt of written request, the corporation promptly shall, mail to any shareholder of record a copy of the most recent such balance sheet and profit and loss statement.

8.5 Execution of Documents Except where required by Georgia law, no Attestation by the secretary or an Assistant Secretary shall be necessary to make any contract, conveyance or other document valid and legally binding which has been executed by and on behalf of the corporation by  an officer or officers thereunto duly authorized in the manner provided for in these by-laws.

## ARTICLE NINE

### Amendments

9.1 Power to Amend By-Laws These By-Laws may be altered, amended or repealed and new By-Laws may be adopted by a vote of the shareholders representing a majority of all the shares issued and outstanding at any annual shareholders meeting or at any special shareholders meeting when the proposed amendment has been stated in the notice of such meeting.

The foregoing By-Laws were duly adopted by the Board of Directors of the Corporation on July 28, 2000.

## ACTION OF THE SHAREHOLDERS OF
## MOUNTAIN EXPRESS OIL COMPANY
## TAKEN BY UNANIMOUS WRITTEN CONSENT
## IN LIEU OF A FORMAL MEETING

Effective this 17 day of July, 2020, the undersigned, being all of the

Shareholders of MOUNTAIN EXPRESS OIL COMPANY (the "Corporation"), pursuant to

O.C.G.A. § 14-2-704 in lieu of a formal meeting of the Shareholders, do hereby consent to the

adoption of the following resolutions which shall have the same force and effect as a unanimous vote

taken at a formal Shareholders Meeting duly called and held, and direct that this consent be filed

with the minutes of the proceedings of the Shareholders of the Corporation:

1.     RESOLVED, that the Board of Directors shall consist of the
following two (2) members who shall serve for the coming year or
until their successors are elected and qualified or until their earlier
death, resignation or removal:

### LAMAR FRADY
### TURJO WADUD

2.     RESOLVED, that all activities and transactions undertaken by
the above referenced Director of the Corporation be, and the same
hereby are ratified, approved and confirmed.

WITNESS the consent of the Shareholders as of the date first above written.

7/17/2020

Lamar Frady, Shareholder

Turjo Wadud                    7/17/2020

Turjo Wadud, Shareholder

JOINT CONSENT OF THE DIRECTORS AND SHAREHOLDERS OF
MOUNTAIN EXPRESS OIL COMPANY
TAKEN BY UNANIMOUS WRITTEN CONSENT
IN LIEU OF A FORMAL MEETING

Effective this 17 day of July , 2020, the undersigned, being all of the Directors and Shareholders of MOUNTAIN EXPRESS OIL COMPANY (the "Corporation"), pursuant to O.C.G.A. § 14-2-821 and O.C.G.A. § 14-2-704 in lieu of formal meetings of the Directors and Shareholders, do hereby consent to the adoption of the following resolutions which shall have the same force and effect as a unanimous vote taken at a formal Directors and Shareholders meeting duly called and held, and direct that this consent be filed with the minutes of the proceedings of the Directors and Shareholders of the Corporation:

**RESOLVED,** that the following named persons be, and they hereby are, elected as officers of the Corporation to serve in the positions set after their names until the next Annual Meeting of Directors, or until their earlier death, resignation or removal:

LAMAR FRADY, CEO and Treasurer

TURJO WADUD, President and Secretary

**NOW THEREFORE, IT IS HEREBY RESOLVED,** that the officers of the Corporation are hereby authorized and directed to undertake and do all things necessary and desirable in order to give effect to the foregoing.

WITNESS the consent of the Directors and Shareholders as of the date first above written.

**SHAREHOLDERS AND DIRECTORS:**

**LAMAR FRADY**

7/17/2020

Lamar Frady, as Shareholder and Director

**TURJO WADUD**

7/17/2020

1

Turjo Wadud, as Shareholder and Director

Control Number : 0027140

# STATE OF GEORGIA

## Secretary of State
**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

### CERTIFICATE OF AMENDMENT

I, **Brad Raffensperger**, the Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

## MOUNTAIN EXPRESS OIL COMPANY

### a Domestic Profit Corporation

has filed articles/certificate of amendment in the Office of the Secretary of State on 03/05/2021 and has paid the required fees as provided by Title 14 of the Official Code of Georgia Annotated. Attached hereto is a true and correct copy of said articles/certificate of amendment.



WITNESS my hand and official seal in the City of Atlanta
and the State of Georgia on **04/29/2021**.



Brad Raffensperger

Brad Raffensperger
Secretary of State

### ARTICLES OF AMENDMENT OF
### ARTICLES OF INCORPORATION
### OF
### MOUNTAN EXPRESS OIL COMPANY

The Articles of Incorporation of MOUNTAIN EXPRESS OIL COMPANY are hereby amended as follows:

I.

The name of the Corporation is: MOUNTAIN EXPRESS OIL COMPANY, whose date of incorporation is June 13, 2000 and whose state control number is 0027140.

II.

The Corporation shall be authorized to engage in any lawful business or activity for which corporations may be organized under the Georgia Business Corporation Code.

III.

The total number of shares of stock which the Corporation has authority to issue is 500,000 shares of ten cents ($.10) par value capital stock all of which shall be designated as "Common Stock." The shares of Common Stock shall have unlimited voting rights and shall be entitled to receive all of the net assets of the Corporation upon liquidation or dissolution.

IV.

The mailing address of the principal office of the Corporation shall be:

5333 Bells Ferry Road, Suite 201
Acworth, Georgia 30102

V.

The registered office of the Corporation shall be 900 Circle 75 Parkway, Suite 1125, Atlanta, Cobb County, Georgia 30339.   The registered agent of the Corporation shall be JAMES T. JOHNSTON, JR. at the above address.

VI.

The private property of the shareholders shall not be subject to the payment of Corporate debts to any extent whatsoever.

VII.

The Corporation reserves the right to amend, alter, add to, modify, change, or repeal any provision contained in these Articles of Incorporation, in the manner now or hereafter prescribed by statute and by these Articles of Incorporation, and all rights conferred upon shareholders hereinafter prescribed by statute and by these Articles of Incorporation, and all rights conferred upon shareholders herein are granted subject to this reservation.

VIII.

The name and address of the incorporating attorney was:

Gaeton L. Drexinger
145 Church Street, Suite 101
Marietta, Georgia 30066

IX.

The Corporation shall have the full power to purchase and otherwise acquire and dispose of its own shares and securities as these rights are granted by the laws of the State of Georgia.

X.

The internal affairs of the corporation shall be governed by the bylaws of the corporation as adopted by the shareholders and as approved by the directors, with the full right to amend such

bylaws from time to time upon proper approval of such amendment by a majority of the shareholders at any meeting called for such purposes.

## XI.

Shares of stock of the Corporation may be issued by the Corporation for such consideration as shall be fixed from time to time by the Board of Directors. Notwithstanding the foregoing, the Corporation elects to have preemptive rights with respect to its Common Stock as contemplated by O.C.G.A.§ 14-2-630(c).

## XII.

Any action required to be taken at a meeting of the shareholders of a corporation or any action which may be taken at a meeting of the shareholders may be taken without a meeting, if written consent, setting for the action so taken, is signed by persons who would be entitled to vote at a meeting those shares having voting power to cast not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote were present and voted.

## XIII.

The Corporation may make distributions to its shareholders out of its capital surplus and purchase its own shares with its unreserved and unrestricted capital surplus available therefor, upon such terms and conditions as the Board of Directors of the corporation shall deem appropriate.

## XIV.

(a) To the fullest extent permitted by the Georgia Corporation Code, no director of the corporation shall be liable to the corporation or to the shareholders of the corporation for monetary damages for breach of duty of care as director or for breach of any other duty as director, except that this paragraph does not eliminate or limit the liability of a director:

(i)     For any appropriation, in violation of his duties, of any business opportunity of the corporation;

(ii)    For acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law;

(iii)   For the types of liability set forth in O.C.G.A. Section 14-2-832; or

(iv)    For any transaction from which the director derived an improper personal benefit.

This provision shall not eliminate the liability of a director for any act or omission occurring prior to the date when these Articles of Incorporation become effective. Any repeal, amendment, or modification of the foregoing paragraph of this provision by the shareholders shall not adversely affect any right, benefit or protection of a director of the corporation existing at the time of such repeal amendment or modification.

## XV.

These Articles of Amendment of Articles of Incorporation were adopted by the Board of Directors with Shareholders action as Shareholders' action is required.

## XVI.

These Articles of Amendment of Articles of Incorporation were duly adopted on March 3, 2021.

## XVII.

These Articles of Amendment of Articles of Incorporation shall be effective upon filing with the Georgia Secretary of State.

IN WITNESS WHEREOF, the undersigned executes these Articles of Amendment of

Articles of Incorporation

By: _____

Lamar Frady, Shareholder and Director

By: _____

Turjo Wadud, Shareholder and Director



Secretary of State

**OFFICE OF SECRETARY OF STATE**
**CORPORATIONS DIVISION**
2 Martin Luther King Jr. Dr. SE
Suite 313 West Tower
Atlanta, Georgia 30334
(404) 656-2817
sos.ga.gov

\*Electronically Filed\*
Secretary of State
Filing Date: 3/5/2021 10:26:41 AM

# TRANSMITTAL INFORMATION FORM
## BUSINESS AMENDMENT

1. **MOUNTAIN EXPRESS OIL COMPANY**
   Entity Name

   **0027140**
   Entity Control No.

2. **James T. Johnston, Jr.**
   Name of Person Filing Business Amendment

   | **900 Circle 75 Pkwy, SE , Suite 1125** | **Atlanta** | **GA** | **30339** |
   |---|---|---|---|
   | Address | City | State | Zip Code |

3. Submitted with this filing is a filing fee of $20.00 payable to "Secretary of State". Filing fees are non-refundable.

   I understand that this Transmittal Information Form is included as part of my filing, and the information on this form will be entered in the Secretary of State business entity database. I certify that the above information is true and correct to the best of my knowledge.

   **James T. Johnston, Jr.**
   Signature of Authorized Person

JOINT CONSENT OF THE DIRECTORS AND SHAREHOLDERS OF
MOUNTAIN EXPRESS OIL COMPANY
TAKEN BY UNANIMOUS WRITTEN CONSENT
IN LIEU OF A FORMAL MEETING

Effective this __8th__ day of __March__ , 2021, the undersigned, being all of the Directors and Shareholders of MOUNTAIN EXPRESS OIL COMPANY (the "Corporation"), pursuant to O.C.G.A. § 14-2-821 and O.C.G.A. § 14-2-704 in lieu of formal meetings of the Directors and Shareholders, do hereby consent to the adoption of the following resolutions which shall have the same force and effect as a unanimous vote taken at a formal Directors and Shareholders meeting duly called and held, and direct that this consent be filed with the minutes of the proceedings of the Directors and Shareholders of the Corporation:

**RESOLVED,** that the following named persons be, and they hereby are, elected as officers of the Corporation to serve in the positions set after their names until the next Annual Meeting of Directors, or until their earlier death, resignation or removal:

> LAMAR FRADY, Chief Executive Officer, Co-President and Treasurer
> TURJO WADUD, Chief Executive Office, Co-President and Secretary

**AND IT IS FURTHER RESOLVED,** that the Bylaws attached hereto and dated March 8, 2021 are adopted by the Board of Directors be, and they are hereby approved and ratified;

**NOW THEREFORE, IT IS HEREBY RESOLVED,** that the officers of the Corporation are hereby authorized and directed to undertake and do all things necessary and desirable in order to give effect to the foregoing.

WITNESS the consent of the Directors and Shareholders as of the date first above written.

1

**SHAREHOLDERS AND DIRECTORS:**

**LAMAR FRADY**

Lamar Frady, as Shareholder and Director

**TURJO WADUD**

Turjo Wadud, as Shareholder and Director

2

### ACTION OF THE SHAREHOLDERS OF
### MOUNTAIN EXPRESS OIL COMPANY
### TAKEN BY UNANIMOUS WRITTEN CONSENT
### IN LIEU OF A FORMAL MEETING

Effective this 17 day of July , 2020, the undersigned, being all of the

Shareholders of MOUNTAIN EXPRESS OIL COMPANY (the "Corporation"), pursuant to

O.C.G.A. § 14-2-704 in lieu of a formal meeting of the Shareholders, do hereby consent to the

adoption of the following resolutions which shall have the same force and effect as a unanimous vote

taken at a formal Shareholders Meeting duly called and held, and direct that this consent be filed

with the minutes of the proceedings of the Shareholders of the Corporation:

    1.    RESOLVED, that the Board of Directors shall consist of the
following two (2) members who shall serve for the coming year or
until their successors are elected and qualified or until their earlier
death, resignation or removal:

LAMAR FRADY
TURJO WADUD

    2.    RESOLVED, that all activities and transactions undertaken by
the above referenced Director of the Corporation be, and the same
hereby are ratified, approved and confirmed.

WITNESS the consent of the Shareholders as of the date first above written.

                      7/17/2020

Lamar Frady, Shareholder

                      7/17/2020

Turjo Wadud, Shareholder

## JOINT CONSENT OF THE DIRECTORS AND SHAREHOLDERS OF
## MOUNTAIN EXPRESS OIL COMPANY
## TAKEN BY UNANIMOUS WRITTEN CONSENT
## IN LIEU OF A FORMAL MEETING

Effective this 17 day of July ___, 2020, the undersigned, being all of the Directors and Shareholders of MOUNTAIN EXPRESS OIL COMPANY (the "Corporation"), pursuant to O.C.G.A. § 14-2-821 and O.C.G.A. § 14-2-704 in lieu of formal meetings of the Directors and Shareholders, do hereby consent to the adoption of the following resolutions which shall have the same force and effect as a unanimous vote taken at a formal Directors and Shareholders meeting duly called and held, and direct that this consent be filed with the minutes of the proceedings of the Directors and Shareholders of the Corporation:

**RESOLVED,** that the following named persons be, and they hereby are, elected as officers of the Corporation to serve in the positions set after their names until the next Annual Meeting of Directors, or until their earlier death, resignation or removal:

LAMAR FRADY, CEO and Treasurer

TURJO WADUD, President and Secretary

**NOW THEREFORE, IT IS HEREBY RESOLVED,** that the officers of the Corporation are hereby authorized and directed to undertake and do all things necessary and desirable in order to give effect to the foregoing.

WITNESS the consent of the Directors and Shareholders as of the date first above written.

### SHAREHOLDERS AND DIRECTORS:

### LAMAR FRADY

DocuSigned by:

7/17/2020

DEE83FEAA606417...
Lamar Frady, as Shareholder and Director

### TURJO WADUD

DocuSigned by:

Turjo Wadud                    7/17/2020

DB3A0D8C3B1F485...

1

Turjo Wadud, as Shareholder and Director

BYLAWS
OF
MOUNTAIN EXPRESS OIL COMPANY

## TABLE OF CONTENTS

Page

### ARTICLE ONE - OFFICES

| Section 1.1 | Principal Office | 3 |
|---|---|---|
| Section 1.2 | Other Offices | 3 |
| Section 1.3 | Registered Office and Agent | 3 |

### ARTICLE TWO - SHAREHOLDERS' MEETINGS

| Section 2.1 | Place of Meetings | 3 |
|---|---|---|
| Section 2.2 | Annual Meetings | 3 |
| Section 2.3 | Substitute Annual Meeting | 3 |
| Section 2.4 | Special Meetings | 3 |
| Section 2.5 | Notice of Meetings | 3 |
| Section 2.6 | Fixing Record Date | 4 |
| Section 2.7 | Quorum | 4 |
| Section 2.8 | Proxies | 4 |
| Section 2.9 | Voting of Shares | 4 |
| Section 2.10 | Waiver of Notice | 4 |
| Section 2.11 | Written Consent of Shareholders | 4 |
| Section 2.12 | Participation b:5· Telecommunications | 4 |
| Section 2.13 | Order of Business | 4 |

### ARTICLE THREE· THE BOARD OF DIRECTORS

| Section 3.1 | General Powers | 5 |
|---|---|---|
| Section 3.2 | Number and Tenure of Directors | 5 |
| Section 3.3 | Regular and Special Meetings | 5 |
| Section 3.4 | Quorum | 5 |
| Section 3.5 | Action by Board without a Meeting | 5 |
| Section 3.6 | Waiver of Notice | 5 |
| Section 3.7 | No Meeting Necessary; When | 5 |
| Section 3.8 | Voting | 5 |
| Section 3.9 | Removal | 6 |
| Section 3.10 | Vacancies | 6 |
| Section 3.11 | Dividends | 6 |
| Section 3.12 | Committees | 6 |
| Section 3.13 | Officers and Salaries and Bonds | 6 |
| Section 3.14 | Compensation to Directors | 6 |

### ARTICLE FOUR - OFFICERS

| Section 4.1 | Number | 6 |
|---|---|---|
| Section 4.2 | Election and Term | 7 |

| Section 4.3 | Salaries and Bonds | 7 |
| Section 4.4 | Disallowed Payments | 7 |
| Section 4.5 | Removal | 7 |
| Section 4.6 | Powers and Duties | 7 |
| Section 4.7 | Additional Powers and Duties | 8 |
| Section 4.8 | Reimbursement by Officers | 8 |

ARTICLE FIVE - DIVIDENDS

| Section 5.1 | Time and Conditions of Declaration | 8 |
| Section 5.2 | Reserves | 8 |
| Section 5.3 | Share Dividends - Treasury Shares | 8 |
| Section 5.4 | Share Dividends - Unissued Shares | 9 |
| Section 5.5 | Share Splits | 9 |

ARTICLE SIX- SHARES

| Section 6.1 | Authorization and Issuance of Shares | 9 |
| Section 6.2 | Share Certificates | 9 |
| Section 6.3 | Transfers of Shares | 9 |

ARTICLE SEVEN - INDEMNIFICATION

| Section 7.1 | General | 9 |
| Section 7.2 | Action in the Right of the Corporation | 10 |
| Section 7.3 | Insurance | 10 |
| Section 7.4 | Notice to Shareholders | 10 |

ARTICLE EIGHT - MISCELLANEOUS

| Section 8.1 | Inspection of Books and Records | 10 |
| Section 8.2 | Fiscal Year | 11 |
| Section 8.3 | Seal | 11 |
| Section 8.4 | Annual Statements | 11 |
| Section 8.5 | Execution Of Documents | 11 |

ARTICLE NINE - AMENDMENTS

| Section 9.1 | Power to Amend By-Laws | 11 |

BY-LAWS
OF
MOUNTAIN EXPRESS OIL COMPANY

## ARTICLE ONE

### Offices

1.1 Principal Office The principal office for the transaction of business of the corporation shall be located at such place as may be fixed from time to time by the Board of Directors.

1.2 Other Offices The Corporation may have offices at such place or places where the corporation is qualified to do business, within or without the State of Georgia, as the Board of Directors may from time to time appoint or the business of the corporation may require or make desirable.

1.3 Registered Office and Agent The Corporation shall maintain a registered office and shall have a registered agent whose business office is identical with such registered office.

### ARTICLE TWO

2.1 Place of Meetings Meetings of the shareholders may be held on the call of the President at any place within or without the State of Georgia as set forth in the notice thereof or in the event of a meeting held pursuant to waiver of notice, as may be set forth in the waiver, or if no place is so specified, at the principal office of the corporation.

2.2 Annual Meetings The annual meeting of shareholders shall be held on such date within 120 days following the close of the corporation's fiscal year as shall be designated by the Board of Directors for the purpose of electing a Board of Directors and transacting any and all business that may properly come before the meeting. At the annual meetings of shareholders, any matter relating to the affairs of the corporation, whether or not stated in the notice of the meeting, may be brought up for action, except matters which the Georgia Business Corporation Code requires to be stated in the notice of the meeting. ·

2.3 Substitute Annual Meeting In the event that such annual meeting is not held on the day designated pursuant to Georgia Law, the Board of Directors shall cause a meeting in lieu thereof to be held as soon as conveniently may be thereafter, end any business transacted or elections held at such meeting such be as valid as if transacted or held at the annual meeting. Such subsequent meeting shall be called in the same manner as provided for special shareholders' meetings.

2.4 Special Meetings Special meetings of the shareholders shall be held at the principal office of the Corporation or at such other places as may be designated in the notice of said meetings upon call of the Board of Directors or of the Chairman of the Board of Directors or of the President, or of the Secretary or at the request in Writing of two or more directors or of shareholders owning at least twenty-five percent (25%) of the issued and outstanding capital stock of the corporation entitled to vote thereat.

2.5 Notice of Meetings Unless waived, written notice stating the place, day and hour of each meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called, shall be delivered to each shareholder less than ten (10) days (or not less than any such other minimum period of days as may be prescribed by the Georgia Business Corporation Code) nor more than sixty (60) days before the date of the meeting either, personally or by first class mail, or at the direction of the

3